THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Acting Chief, Criminal Division
JAMES A. BOWMAN (Cal. Bar No. 220227)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2213
     Facsimile: (213) 894-6269
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-139-R |
| Plaintiff, | [~~PROPOSED~~] ORDER RE: DEFENDANT ERICK ROLANDO MONTES' MOTION TO SUPPRESS EVIDENCE |
| v. | |
| ERICK ROLANDO MONTES, aka "Lil Dead Man," | |
| Defendant. | |

On March 31, 2008, this Court held a hearing on Defendant Erick Rolando Montes' Motion to Suppress Evidence. Defendant appeared with his counsel of record, Deputy Federal Public Defender Hayne Yoon. Assistant United States Attorney James A. Bowman appeared for the government.

The Court, after carefully considering the pleadings, declarations and documents filed by the parties, as well as the argument presented at the hearing, orally denied the motion at the hearing. This Order will supplement the Court's oral ruling denying the motion. In connection with this Order, the Court makes the following Findings of Fact and Conclusions of Law.

<u>Findings of Fact</u>

1. On December 29, 2006, at approximately 7:00 p.m., officers from the Los Angeles Police Department ("LAPD") were at an apartment on Chevy Chase Drive in the Glendale area to assist in carrying out a probation compliance check. While the officers were standing in the street in front of the apartment, they observed a green van approach them.

2. As the van approached, one officer used his flashlight to alert the driver that the officers were in the street. The van slowed down, and the officers saw that the passenger of the van was Patrick Evans, a local Toonerville street gang member who was a murder suspect and who the officers knew was wanted on a "no bail" arrest warrant.

3. As the van passed by, one of the officers flashed the spotlight from his patrol car on the van. Officers then saw that defendant, who they knew from previous contacts, was driving the van. They also saw that there was a third person in the van.

4. The van passed the officers and turned onto a different street. The officers immediately got into their patrol cars and attempted to locate the van. A few minutes later, Officers Hurd and Strasner found the van abandoned at the end of a driveway, only a few blocks away.

5. Officers Hurd and Perez drove a patrol car to a house that was located directly south of the property where they had found the van. Officer Hurd knew from past experience that this house was a frequent hangout for Toonerville street gang members. A wall, approximately five to six feet high, separated this house from the location where the van had been abandoned.

    6.    When Officers Hurd and Perez arrived at the house, they saw defendant and another individual walking down the driveway from the direction of the garage at the back of the property.

    7.    Officer Hurd knew that Toonerville street gang members had ambushed LAPD officers in this neighborhood a few years earlier, not far from this location.  Officer Hurd also knew from previous contacts with defendant that he was a Toonerville gang member.  Based on the previous ambush, the fact that defendant was a gang member who had only minutes earlier been seen with a murder suspect, the fact that the murder suspect might also still be in the area, the fact that it was evening, as well based on their training and experience, Officers Hurd and Perez pulled their firearms and asked defendant and the other individual to stop and put their hands on their head.

    8.    Officer Hurd then patted both men down for weapons.  While he patted down the defendant, he noticed that defendant was wearing body armor on his upper torso.  Defendant then spontaneously said "I will make this easy for you.  I'm on parole.  Do you think I will be violated for this?"

    9.    From the time period that the officers initially saw the van, up to and including the <u>Terry</u> stop of defendant, all officers were in contact with each other, and conveyed to each other knowledge gained.

<u>Conclusions of Law</u>

    10.    The stop of defendant on December 29, 2006, was a lawful stop under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968) and its progeny.  Officers were entitled to conduct a <u>Terry</u> stop of

1 defendant because under the totality of circumstances, they
2 reasonably suspected that he was involved in criminal activity.
3    11.  Officers were also entitled to frisk defendant as part
4 of the Terry stop because they were reasonably concerned for
5 their safety, based on the facts and circumstances detailed
6 above, during their brief detention of defendant.
7    12.  Because the stop and frisk of defendant on December 29,
8 2006 was a proper Terry stop, supported by reasonable suspicion
9 and reasonable concerns for officer safety, both the body armor
10 that the defendant was wearing at the time and his subsequent
11 statements, as detailed above, were obtained lawfully.
12    THEREFORE, it is hereby ORDERED that Defendant Erick Rolando
13 Montes' Motion to Suppress is DENIED.
14    IT IS SO ORDERED.

DATED: April 21, 2008

_____
HONORABLE MANUEL REAL
United States District Judge

Presented by:

THOMAS P. O'BRIEN
United States Attorney

_____
JAMES A. BOWMAN
Assistant United States Attorney